Corbett SALYER, et al.,
Plaintiffs–Appellants,

v.

Vicky PATRICK, et al.,
Defendants–Appellees.

No. 88–5377.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 31, 1989.

Decided May 12, 1989.

Thomas J. Banaszynski, Oliver H. Barber, Jr. (argued), Gittleman, Bleidt & Barber, Louisville, Ky., for plaintiffs-appellants.

Ryan M. Halloran, Gen. Counsel, William K. Moore, Staff Atty., Stanley A. Stratford, Asst. Gen. Counsel, W. Kimble Moore, Jr., Staff Atty., E.D. Klatte, Staff Atty. (argued), Trisha Zeller James, Cabinet for Human Resources, Office of the Counsel, Frankfort, Ky., for defendants-appellees.

Before: KRUPANSKY and BOGGS, Circuit Judges; and EDWARDS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.

The parties in this appeal are plaintiffs-appellants, Mr. and Mrs. Corbett Salyer, who are parents of a young girl, and defendants-appellees, Vicky Patrick and Becci Lewis, who are social workers on the staff of the Kentucky Cabinet for Human Resources. The Salyers allege 1) that the defendant social workers filed a juvenile court petition without adequately investigating a report that the child had been sexually abused, and 2) that the defendants' act resulted in defamation, invasion of privacy, abuse of process and malicious prosecution of the Salyers. Plaintiffs sued under 42 U.S.C. § 1983 and also under state law.

The matter was heard in the Eastern District of Kentucky and the defendant social workers filed a motion to dismiss. This was heard by a Magistrate who rec-

ommended dismissal of the complaint on the basis of the defendants' absolute immunity. The District Court entered an order sustaining defendants' motion based on defendants' qualified immunity, contingent on the defendants' establishing the existence of the informant who defendants claimed gave them the basis for initiating their investigation. The court ordered the defendants to submit affidavits under seal as to the identity of the informant. Defendants submitted the affidavits, and their motion was sustained on the basis of defendants' qualified immunity; a ruling on defendants' absolute immunity was reserved.

The case obviously involves dangerous aspects. The family service workers had a Kentucky State Trooper accompany them to the Salyers' residence. The Salyers refused to let them enter. The Kentucky State Police and the Sheriff refused further cooperation with the family service workers saying "no one was going back to the house because Corbett was hiding in the woods with a rifle and would kill someone." Subsequently the child was examined by a pediatrician who stated he "saw nothing ... to suggest ... [plaintiffs' child] has been abused. [He could] not, however, state without reservation that she has not."

We turn now to such records as have been presented to this court. On November 4, 1986, in Magoffin County, Kentucky, a juvenile petition was filed reciting the following:

**376**

AOC-600
2-84

Commonwealth of Kentucky
Court of Justice

KRS 208.070, 199.011

**ABUSE
JUVENILE/PETITION**

Case No. _____

Court ____ Juvenile ____

County _____

In the interest of _Robin Salyer_____, a child:

The affiant, _Becci Lewis_____, says that on

_November 4_____, 19 _86_, in _Magoffin_____ County, Kentucky,

the above named child:

☐ unlawfully committed the offense of _____

_____in violation

of KRS_____and within the scope of KRS 208.020; OR,

☒ was dependent, neglected or abused, pursuant to KRS _____and
within the scope of 208.020.

Affiant's grounds of belief are:

A sexual abuse report was received concerning Robin Salyer.
It was alleged that Corbett Salyer sexually abused Robin by
putting his penis in Robin's mouth, front, and butt. Allegations
were also made against Corbett Salyer concerning two other child

Said child, born _April 15_____, 19 _85_, resides at _Box 446_____.

_Salyersville, Ky_____, telephone: _349-1726_____ The child's parents are:

_Barbara Salyer_____ _Box 446_____ _Salyersville, Ky_____ ;
mother's name and residence

_Corbett Salyer_____ _Box 446_____ _Salyersville, Ky_____ ;
father's name and residence

_Corbett and Barbara Salyer_____ ,
parent with legal custody

Any other:

( ) legal guardian other than a parent;

( ) nearest known adult relative if no parent or guardian is known or can be found; or

( ) person with custody or control of the child;

is _____ ;

residence _____ .

The affiant states that the foregoing allegations are true on information and belief.

FILED
DATE _Nov 5 1986_
JIMMIE ALLEN, CLERK
MAGOFFIN CIRCUIT & DISTRICT COURTS
BY _D. McCarty_____ D.C.

_Becci Lewis_____
_P.O Box 89_____
_Salyersville, Ky_____
_349-3123_____
Signature, Address and Telephone of Affiant

Sworn to before me this _5_ day of _November_____, 19 _86_

_Diala Mat_____ _District Judge_____

In response to this petition on November 5, 1986, a Juvenile Emergency Custody Order was entered in Magoffin County as follows:

AOC-620
Rev. 5-86

Commonwealth of Kentucky
Court of Justice

KRS.208.080

**JUVENILE
EMERGENCY CUSTODY ORDER**

Case No. _____

Court _____

County _Magoffin_ _____

In the interest of _Robin Salyer_ _____ , a child:

_Becci Lewis_ _____ having testified by affidavit/
sworn testimony that:

_A sexual abuse report was recieved concerning Robin Salyer. An Attempt_
_was made on 11-01-86 to investigate this report, but Corbett and Barbara Salyer_
_Refused to cooperate. It is alleged that Robin has been sexually abused_
_by Corbett putting his penis in Robins Mouth, Vagina and Butt. It was also Reported that_
it appears to the court that an emergency situation exists and that the child is in imminent danger _Corbett sexually abused two oth children Kim Wile_
of physical or emotional harm to such a degree that his/her best interest requires the court to
take custody of him/her.

**IT IS THEREFORE ORDERED:**

That _Ky State Police_ _____ immediately take physical
custody of the child; and/or

That the child be temporarily placed in the physical care and custody of

_Department for Social Services_ _____

A hearing in this matter will occur on _November 7_ , 19 _86_ at _9.00 A._ M.,
at the location of _Magoffin County Courthouse , Salyersville, Ky_ .
This order will continue until that date, unless otherwise modified by the court.

_11/05_ , 19 _86_  

_C. __ ___ _____
Judge

ENTERED
DATE _Nov 5, 1986_
J___ ___ ALLEN, CLERK
MAGOFFIN CIRCUIT & DISTRICT COURT
BY_____ D.C.

On February 26, 1987, Salyer's attorney filed a motion to dismiss the juvenile child abuse petition in the interest of plaintiffs' child.

On March 12, 1987, the Magoffin County Attorney responded to the motion to dismiss, stating that the Commonwealth had no objection. On March 16, 1987, the motion to dismiss was sustained by the Magoffin District Juvenile Court. The child was never removed from her parents' custody.

The Salyers subsequently filed their complaint in the U.S. District Court, Eastern District of Kentucky on May 8, 1987.

The legal issue in this case is whether or not family service workers are protected by absolute or qualified immunity from liability under 42 U.S.C. § 1983 for investigating and filing a juvenile abuse petition. The Supreme Court has not addressed the question of social worker immunity under 42 U.S.C. § 1983. However, in *Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir.1984), this court granted absolute immunity to state social service workers who initiated child neglect proceedings by filing a petition in state court on behalf of a child. Judge Keith reasoned that state employees and officials who are responsible for the initiation of petitions in state courts "to

protect the health and well-being of the children ... must be able to perform the necessary tasks to achieve this goal without the worry of intimidation and harassment from dissatisfied parents." *Kurzawa*, 732 F.2d at 1458.

■ It appears to this court that the family service workers were absolutely immune from liability in filing the juvenile abuse petition, due to their quasi-prosecutorial function in the initiation of child abuse proceedings. *See Meyers v. Contra Costa County Dep't of Social Services*, 812 F.2d 1154, 1157 (9th Cir.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 98, 98 L.Ed.2d 59 (1987) (social workers responsible for pursuing child dependency proceedings entitled to absolute immunity in performing quasi-prosecutorial functions). Immunity rests not on status or title but on the function performed. *Joseph v. Patterson*, 795 F.2d 549, 560 (6th Cir.1986), *cert. denied*, 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987). In a recent Sixth Circuit case, this court held that prosecutors were entitled to absolute immunity while functioning in roles intimately associated with the judicial phase of the criminal process. *Grant v. Hollenbach*, 870 F.2d 1135 (1989). We believe the filing of a child abuse petition is an "integral part of the judicial process." *See Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983). The social service workers function as prosecutors in bringing the child before the juvenile court, and function as witnesses by testifying on behalf of the child's interest.

Whether the social workers are entitled to absolute immunity for initiating an investigation, or for attempting to investigate, is not an issue this court must decide. We agree with the District Court that the shield of qualified immunity will be pierced only if the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). There was no such violation in this case. This record demonstrates that the social workers had received a report of sexual abuse and, as required by state law, attempted to investigate the report. K.R. S. § 199.335(8). In a case such as this, where the father refused to allow workers and police on his property to interview the family and the child, and where the police refused to cooperate in securing a search warrant, the filing of the juvenile abuse petition was "objectively reasonable." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. The family service workers were attempting to do their job and protect an infant girl who had been reported to be sexually abused.

■ In addition, this court finds that the District Court did not err in disallowing discovery of the identity of the person who reported that plaintiffs' infant daughter was sexually abused. A district court has broad discretion to disallow discovery. See *O'Malley v. United States Fidelity and Guar. Co.*, 776 F.2d 494, 499 (5th Cir.1985). Confidentiality is needed to encourage private citizens to report incidents of child abuse and neglect without fear of harm to themselves. It is clear from this record that there could be a risk of harm to the informant and deletion of the name and identifying phrases regarding that information was, therefore, proper.

Accordingly, the judgment of the district court is hereby AFFIRMED.