7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ian HOFFMAN, Plaintiff-Appellant,
v.
Tammy D. HARRIS, Colleen West, Melisa Hoffman, Commonwealth
of Kentucky Cabinet for Human Resources,
Defendants-Appellees.
 No. 92-6161.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1993.
 
 Before: JONES and NORRIS, Circuit Judges; and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Ian Hoffman appeals the summary judgment for the defendants in this § 1983 action. The district court granted the judgment on immunity grounds, and we affirm.
 
 
 2
 * Hoffman brought suit under 42 U.S.C. § 1983 (1988), alleging that Defendants wrongfully acted under color of state law to deprive him of his constitutionally protected liberty interest in visitation with his minor daughter, known as "B.H." Defendant Melisa Hoffman is the former wife of the plaintiff. The two of them separated in 1987, at which time she was awarded custody of B.H. while he received visitation privileges for five nights out of every two weeks. Ian Hoffman was scheduled to have visitation on November 16, 1990. Shortly before that date, Melisa Hoffman contacted the Commonwealth of Kentucky Cabinet for Human Resources ("CHR") and reported that Ian had been sexually molesting B.H.
 
 
 3
 Defendants Tammy Harris and Colleen West are social workers for CHR. Acting on Melissa's suspicion, they obtained from a state court an ex parte order, issued pursuant to a Kentucky statute, blocking Ian Hoffman's visitation.[1] Subsequent to the ex parte order, the state brought criminal charges against the plaintiff, charging him with sexually molesting B.H. During the time these charges were pending, Hoffman's visitation rights were for a time completely eliminated and for a time drastically reduced. A jury acquitted him of the charges on April 30, 1991.
 
 
 4
 Hoffman then filed his complaint in this action against Melissa Hoffman, the two social workers, and CHR. The defendants moved for summary judgment and both sides briefed the issues. Hoffman then filed a motion under Federal Rule of Civil Procedure 56(f) for the court to order a continuance of the proceedings because more discovery was needed. The court denied that motion and granted the summary judgment motion, finding all the defendants immune from suit. This timely appeal followed.
 
 
 5
 The district court's grant of summary judgment is to be reviewed de novo. Rector v. General Motors Corp., 963 F.2d 144, 146 (6th Cir.1992). The question on review of a summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986).
 
 II
 
 6
 The district court held that the social workers, Harris and West, had absolute immunity from § 1983 liability under Salyer v. Patrick, 874 F.2d 374 (6th Cir.1989). Following Salyer, we affirm this conclusion.
 
 
 7
 Salyer held that family service workers have absolute immunity in filing juvenile abuse petitions. Id. at 378. The Salyer immunity derives from the common law absolute immunity that judges and prosecutors have always had under § 1983, an immunity that ensures they are not deterred from vigorously performing their jobs as they might be if they feared personal liability. In Butz v. Economu, 438 U.S. 478 (1978), the Supreme Court extended this prosecutorial immunity to administrative officials performing prosecutorial actions. Salyer applied this "quasi-prosecutorial" immunity to social workers instituting legal actions.
 
 
 8
 Salyer does not require, however, that a social worker has absolute immunity in any role relating to a child abuse prosecution. In Achterhof v. Selvaggio, 886 F.2d 826 (6th Cir.1989), we held that a social worker in an "investigatory" role receives only qualified immunity from § 1983 actions. The basis for Achterhof is that, when investigating, the social worker has exceeded the prosecutorial function and is performing a standard administrative one that receives only the qualified immunity usually given to government officials. This circuit's distinction between Salyer and Achterhof follows Supreme Court precedent, including the Court's recent decision Buckley v. Fitzsimmons, 113 S.Ct. 2606 (1993). In Buckley, the Court emphasized the "functional approach" to determining absolute immunity, which looks to "the nature of the function performed, not the identify of the actor who performed it.' " Id. at 2613 ( quoting Forrester v. White, 484 U.S. 219, 229 (1988)). Buckley held that the activities of searching for clues at the scene of a crime and of making assertions to the media are functions that are not absolutely immunized, even for prosecutors themselves. Id. at 2616-17.
 
 
 9
 Here, there is no evidence that a genuine issue of material fact exists regarding whether Harris and West fall under the scope of Salyer's absolute immunity or Achterhof's qualified immunity. They fall squarely under Salyer. The complaint alleges only that the social workers harmed Hoffman when they "invoked" the Kentucky statute and when they "testified" against him to receive the ex parte order to block his visitation. J.A. at 10, 11. These clearly are the sort of actions that Sayler countenanced when granting absolute immunity in filing a child abuse petition. Besides bald assertions that Harris and West were acting outside of Sayler's scope, the plaintiff offers nothing that would indicate that there is any genuine question that they were. Sayler requires us to grant absolute immunity to the social workers here.
 
 
 10
 The district court also found immune the estranged wife, Melisa Hoffman, who contacted CHR with allegations of sexual abuse of her daughter, on the ground that she was not a state actor under § 1983. We need not even apply Salyer to Melisa Hoffman's function in this case, for she was not acting on behalf of the state and thus cannot have violated the Appellant's due process rights. A private person "may fairly be said to be a state actor" under Lugar v. Edmondson Oil, 457 U.S. 922, 937 (1982), only if she has obtained "significant aid" from state officials or if her conduct is "otherwise chargeable" to the state. This occurs where the state has exercised "coercive power" over, or given "significant encouragement" to, the private party. Blum v. Yaretsky, 457 U.S. 991, 1004 (1992); Simescu v. Emmet Co. Dep't of Soc. Serv., 942 F.2d 372, 374 (6th Cir.1991). Without such limits upon who is a state actor, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Lugar, 457 U.S. at 937. Melisa Hoffman presumably knew that Kentucky law forbid child abuse, and reported her concerns. As a matter of law, a mother who reports her suspicions of her daughter's sexual abuse is not a state actor and therefore cannot be liable under § 1983.
 
 III
 
 11
 The district court further held that the Eleventh Amendment to the United States Constitution renders CHR immune from all relief in this § 1983 suit. This holding follows Sixth Circuit law. In fact, we have previously so held for this particular defendant in another § 1983 action.
 
 
 12
 The Kentucky Cabinet of Human Resources [sic] was not subject to suit by [Plaintiff] because a state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overriden it. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). It is well settled that "Congress [did not] intend[ ] by the general language of § 1983 to override the traditional sovereign immunity of the States." Quern v. Jordan, 440 U.S. 332, 342, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979).
 
 
 13
 Whittington v. Milby, 928 F.2d 188, 193-94 (6th Cir.), cert. denied, 112 S.Ct. 236 (1991). This holding requires us to find CHR--sued in its own name in the complaint--immune from all relief sought.[2]
 
 IV
 
 14
 Hoffman also asks us to review the district court's denial of his Rule 56(f) motion to postpone judgment pending further discovery. Though we review a summary judgment itself de novo, the district court has wide discretion in denying Rule 56(f) motions, and we review such a denial only to determine whether the district court has abused its discretion and caused substantial prejudice to a party. Elvis Presley Enterprises v. Elvisly Yours, 936 F.2d 889, 893 (6th Cir.1991).
 
 
 15
 Hoffman's Rule 56(f) motion is simply a bald assertion that he needs more time. J.A. 101-103. A mere assertion that further discovery will reveal a genuine issue of material fact is insufficient grounds for granting a 56(f) motion. The moving party has the burden of demonstrating "why he could not oppose the summary judgment motion by affidavit and how postponement of a ruling on the motion would enable him to rebut Appellees' showing of the absence of a genuine issue of fact." Emmons v. McLaughlin, 874 F.2d 351, 357 (6th Cir.1989); see also Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir.1986). The district court therefore did not abuse its discretion in denying the Rule 56(f) motion.
 
 V
 
 16
 For the reasons stated above, we have no power to reach the merits of the alleged § 1983 violation in this case, as the various named defendants are immune from suit. As no other reversible error has been shown, we affirm the judgment of the district court.
 
 
 
 *
 Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The state court issued the order pursuant to § 620.060(1) of the Kentucky Revised Statutes Annotated, which provides:
 The court for the county where the child is present may issue an ex parte emergency custody order when it appears to the court that there are reasonable grounds to believe, as supported by affidavit or by recorded sworn testimony, that the child is in danger of imminent death or serious physical injury or is being sexually abused and that the parents or other person exercising custodial control or supervision are unable or unwilling to protect the child. Custody may be placed with a relative taking into account the wishes of the custodial parent or any other appropriate person or agency including the cabinet.
 The Kentucky statutes also state, in § 620.060(3), that the emergency custody order shall be effective for no longer than 72 hours, unless a temporary removal hearing with notice to the affected parent is held. Ian Hoffman challenges neither the timeliness nor the constitutionality of the post-removal hearing in this case.
 
 
 [2]
 We note that the Appellant did not name an official of CHR as a party to his complaint. An official can be sued for injunctive or declaratory relief when it is alleged that the official violated the plaintiff's constitutional rights. E.g., Thiokol Corp. v. Department of Treasury, State of Michigan, 987 F.2d 376, 381 (6th Cir.1993); Ex Parte Young, 209 U.S. 123, 155-56 (1908); cf. Heller v. Doe, 113 S.Ct. 2637 (1993) (CHR Secretary sued in his own name for due process and equal protection violations)