No. 93–1044. HOFFMAN v. HARRIS ET AL. C. A. 6th Cir. Certiorari denied.

JUSTICE THOMAS, with whom JUSTICE SCALIA joins, dissenting.

Petitioner Ian Hoffman brought suit under Rev. Stat. § 1979, 42 U. S. C. § 1983, against respondents, Kentucky's Cabinet for Human Resources (CHR), two CHR social workers, and his former wife, Melisa Hoffman, alleging that they had deprived him of a constitutionally protected liberty interest in being allowed to visit his minor daughter, B. H. The events giving rise to the suit began when Melisa told the social workers that she suspected petitioner of sexually abusing B. H. The social workers obtained an *ex parte* order from a state court that suspended petitioner's visitation rights. The District Court held that the social workers were absolutely immune from damages liability under § 1983 for this conduct. Relying on its decision in *Salyer v. Patrick,* 874 F. 2d 374 (CA6 1989), the Court of Appeals affirmed. I would grant certiorari to address petitioner's challenge to that ruling.

In *Salyer,* the Sixth Circuit held that, "due to their quasi-prosecutorial function in the initiation of child abuse proceedings," social workers are absolutely immune from liability for filing juvenile abuse petitions. *Id.,* at 378. Other courts addressing the question have agreed that social workers are entitled to absolute immunity under § 1983 in some instances, depending on their conduct and the terms of the state laws pursuant to which they acted. See, *e. g., Meyers v. Contra Costa County Dept. of Social Servs.,* 812 F. 2d 1154, 1157 (CA9) (holding that "social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings"), cert. denied, 484 U. S. 829 (1987); *Vosburg v. Department of Social Servs.,* 884 F. 2d 133 (CA4 1989) (granting absolute immunity to social workers in connection with their filing of a child removal petition in juvenile court); *Snell v. Tunnell,* 920 F. 2d 673 (CA10 1990) (denying absolute immunity to social workers for conduct in seeking a protective custody order that did not initiate juvenile court proceedings), cert. denied, 499 U. S. 976 (1991). These courts have reasoned that social workers function as prosecutors in certain contexts, and therefore are entitled to the absolute immunity that would be due a prosecutor performing analogous functions. Cf. *Imbler v. Pachtman,* 424 U. S. 409 (1976) (discussing prosecutorial immunity).

Consideration of the function performed by an official seeking absolute immunity plays an important role in our immunity analysis. See, *e. g., Buckley* v. *Fitzsimmons,* 509 U. S. 259, 269 (1993). Function, however, becomes significant only when evaluated in historical context. A related inquiry precedes the functional analysis: "Our *initial* inquiry is whether an official claiming immunity under § 1983 can point to a common-law counterpart to the privilege he asserts." *Malley* v. *Briggs,* 475 U. S. 335, 339–340 (1986) (emphasis added). Although § 1983 "on its face admits of no defense of official immunity," "[c]ertain immunities were so well established in 1871, when § 1983 was enacted, that 'we presume that Congress would have specifically so provided had it wished to abolish' them." *Buckley, supra,* at 268 (quoting *Pierson* v. *Ray,* 386 U. S. 547, 554–555 (1967)). We therefore have held that some officials are, under certain circumstances, entitled to absolute immunity. See, *e. g., Imbler, supra.* An official seeking such immunity, however, must at the outset show that a "counterpart to the privilege he asserts" was recognized at common law in 1871, for "[w]here we have found that a tradition of absolute immunity did not exist as of 1871, we have refused to grant such immunity under § 1983." *Burns* v. *Reed,* 500 U. S. 478, 498 (1991) (SCALIA, J., concurring in judgment in part and dissenting in part).

The courts that have accorded absolute immunity to social workers appear to have overlooked the necessary historical inquiry; none has seriously considered whether social workers enjoyed absolute immunity for their official duties in 1871. If they did not, absolute immunity is unavailable to social workers under § 1983. See *ibid.* This all assumes, of course, that "social workers" (at least as we now understand the term) even existed in 1871. If that assumption is false, the argument for granting absolute immunity becomes (at least) more difficult to maintain. Cf. *Antoine* v. *Byers & Anderson, Inc.,* 508 U. S. 429 (1993) (denying court reporter absolute immunity in large part because official court reporters did not begin appearing in state courts until the late 19th century).

It may be argued that the Sixth Circuit and other courts *have* effectively identified a common-law counterpart to the modern social worker for purposes of the immunity analysis: the 1871 prosecutor. In reasoning that the social worker functions as a prosecutor in performing certain duties, these courts essentially

have suggested that, by analogy, the historically rooted immunity for prosecutors should apply to social workers. In the absence of a detailed examination of the immunity (if any) that applied to social workers in 1871, however, such an analogy must be suspect. But even putting historical concerns aside, it is not clear to me that the functional analysis of the Sixth Circuit is correct. I am not convinced that social workers, who often are involved in civil family welfare proceedings, can ever function as prosecutors for purposes of § 1983 immunity analysis. Cf. *Imbler, supra*, at 430 (absolute prosecutorial immunity extends to those functions "intimately associated with the judicial phase of the *criminal process*") (emphasis added).

Of course, the decision below and other decisions granting absolute immunity to social workers may be premised more on the notion that absolute immunity serves important policy concerns than on either historical or functional analyses. See, *e. g., Meyers*, 812 F. 2d, at 1157. To the extent they are so based, they are misguided: The federal courts "do not have a license to establish immunities from § 1983 actions in the interests of what [they] judge to be sound public policy." *Tower* v. *Glover*, 467 U. S. 914, 922–923 (1984).

We should address the important threshold question whether social workers are, under *any* circumstances, entitled to absolute immunity. Accordingly, I respectfully dissent.