**Crossman v. DCYS**                    CV-93-574    06/18/96

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Diane Crossman, et al.</u>

   v.                                        Civil No. 93-574-B

<u>State of NH Division of</u>
<u>Children, Youth and Families, et al.</u>


## O R D E R


Diane Crossman's two children were removed from her home pursuant to an ex parte order issued by a judge of the Lebanon District Court on November 20, 1990. The court based its order on allegations made against Crossman and her boyfriend by employees of the New Hampshire Division of Children, Youth and Families ("DCYF").[1] Crossman unsuccessfully attempted to regain custody of the children at preliminary and adjudicatory hearings before the district court. She then appealed the district court's decisions to the state superior court, but later signed a consent agreement in which she acknowledged that the children had been neglected. Pursuant to the agreement, Crossman regained custody of her son in June 1991 and her daughter in February 1993.

---

[1] Formerly called the Division of Children and Youth Services ("DCYS").

Crossman currently asserts claims against DCYF and several DCYF employees.[2] Her claims fall into three broad categories. First, she contends that defendants provided false testimony to the state courts during the abuse and neglect proceedings. Second, she alleges that defendants withheld important documents that she was entitled to inspect pursuant to state law. Finally, she alleges that one of the DCYF employees improperly tape recorded a conversation she had with her children during a supervised visit. As a result, she contends that defendants, individually and as a part of a conspiracy, violated her rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments.[3] She also asserts various state law claims. Defendants move for summary judgment on all of Crossman's

---

[2] I dismissed the claims Crossman brought on behalf of her children without prejudice in a prior order. Further, I previously granted another defendant's motion for summary judgment and plaintiffs settled with other defendants. Finally, Crossman abandoned her claims against defendant, Adella Dominique, at the June 13, 1996 status conference.

[3] Crossman has sued the individual defendants in both their official and individual capacities. However her claims for damages against the DCYS and her official capacity claims against the individual defendants are barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 n.10 (1989); Johnson v. Rodriguez, 943 F.2d 104, 108-09 (1st Cir. 1991), cert. denied, 112 S.Ct. 948 (1992).

claims.[4]

### I. Allegations that the individual defendants provided false testimony

The First Circuit Court of Appeals has held that

> All witnesses at judicial proceedings have an
> absolute immunity from damages liability
> based on their testimony. This immunity
> applies even to public officials who
> knowingly give false testimony.

Watterson v. Page, 987 F.2d 1, 8 (1st Cir. 1993) (citations omitted). Therefore, Crossman cannot succeed with her claims that defendants violated her constitutional rights by offering false testimony during the abuse and neglect proceedings. I reach a similar conclusion with respect to her claim that defendants are liable because they participated in a conspiracy to offer false testimony.[5] See Miller v. Glanz, 948 F.2d 1562,

---

[4] Summary judgment is appropriate if the facts, taken in the light most favorable to the nonmoving party, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); F.D.I.C. v. Anchor Properties, 13 F.3d 27, 30 (1st Cir. 1994).

[5] I do not construe Crossman's complaint to assert that the defendants are liable for conducting an unconstitutional child abuse investigation. Nor do I understand her to assert a claim based upon the defendants' decision to commence the abuse and neglect proceedings. The First Circuit has declined to recognize a constitutional right to be free from child abuse investigations. Watterson, 987 F.2d at 8. Moreover, the defendants' actions in commencing and prosecuting the abuse and neglect petitions are protected by absolute prosecutorial

1571 (10th Cir. 1991); House v. Bolford, 956 F.2d 711, 720 (7th Cir. 1992).

## II. **Allegations that the individual defendants withheld documents**

Crossman alleges that defendants violated her constitutional rights by withholding certain documents during the abuse and neglect proceedings that she needed to respond to the DCYF's charges. Even if Crossman has sufficiently stated and supported a constitutional claim based on these allegations, disputed issues I need not resolve, her claims based on this theory are barred the doctrine of absolute prosecutorial immunity.

The Supreme Court employs a functional approach when evaluating claims of absolute prosecutorial immunity. See Butz v. Economou, 438 U.S. 478, 515 (1978). Accordingly, the First Circuit Court of Appeals has determined that a police officer is entitled to absolute immunity with respect to claims based on the officer's instigation of juvenile delinquency proceedings. Malachowski, 787 F.2d at 712. In the same opinion, the court

---

immunity. Salyer v. Patrick, 874 F.2d 374 (6th Cir. 1989) Coverdell v. Department of Social and Health Servs., 834 F.2d 758, 759 (9th Cir. 1987); see also Malachowski v. City of Keene, 787 F.2d 704 (1st Cir. 1986), cert. denied, 479 U.S. 828 (1986) (police officer who filed a delinquency petition is entitled to absolute immunity). Therefore, even if she were attempting to base her claims on either theory, she would not be successful.

4

cited with favor a decision from the Sixth Circuit Court of Appeals applying prosecutorial immunity to social workers. Id. citing Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir. 1984). Thus, even though the defendants are not prosecutors, they will be entitled to claim prosecutorial immunity to the extent that the actions for which they have been sued are actions taken as "advocate[s] for the state." Guzman-Rivera v. Rivera-Cruz, 55 F.3d 26, 29 (1st Cir. 1995) (quoting Burns v. Reed, 500 U.S. 478, 491 (1991)).

In Reid v. State of New Hampshire, 56 F.3d 332, 337 (1st Cir. 1995), the First Circuit Court of Appeals noted that "it is now [a] well settled rule that a prosecutor cannot be held personally liable for the knowing suppression of exculpatory information." Id. (quoting Robinson v. Volkswagenwerk AG, 940 F.2d 1369, 1372-73 (10th Cir. 1991) (citations omitted), cert. denied, 502 U.S. 1091 (1992). Further, the court recognized that the rule applies even where the information has been specifically requested by the defense and the court has ordered the prosecutor to produce the requested materials. Reid, 56 F.3d at 337. Applying the court's holdings in Malachowski and Reid, I conclude that any federal claim against the defendants based upon the defendants' failure to produce certain documents requested during

5

the abuse and neglect proceedings is barred by the doctrine of absolute prosecutorial immunity.

   III. **Allegations that defendants violated Crossman's constitutional rights by recording her conversations with her children**

Crossman concedes that the DCYF worker who allegedly recorded her conversations was lawfully present in the room with her when the conversation occurred. Moreover, Crossman does not contend that she reasonably believed that the DCYF worker would not overhear her conversation. Under these circumstances, even if the DCYF worker recorded Crossman's conversation without her consent, she has no claim that the recording violated her constitutional rights because she had no reasonable expectations that the conversations would remain private. United States v. Karo, 468 U.S. 705, 716 (1984); United States v. Caceres, 440 U.S. 741, 744 (1979).


                              CONCLUSION

   For the foregoing reasons, I grant defendants' motion for summary judgment (document no. 74) with respect to plaintiff's federal law claims. I decline to exercise supplemental

                                   6

jurisdiction over the remaining state law claims and I dismiss these claims without prejudice.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 18, 1996

cc:  Diane Crossman, pro se
     Nancy J. Smith, Esq.
     Thomas G. Cooper, Esq.

7