RENDERED:  FEBRUARY 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0396-MR

MARK E. BOLTON                                                                 APPELLANT


v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE OLU A. STEVENS, JUDGE
ACTION NO. 19-CI-003600


DANIELLA BLAINE,
ADMINISTRATRIX, ESTATE OF
KENNETH H. CROSS, II                                                           APPELLEE


OPINION
AFFIRMING IN PART
AND REVERSING IN PART

** ** ** ** **

BEFORE:  DIXON, KRAMER, AND LAMBERT, JUDGES.

DIXON, JUDGE:  Mark E. Bolton appeals from the order denying his motion for summary judgment entered by the Jefferson Circuit Court on February 18, 2020, asserting he is entitled to qualified immunity as to the negligence claims brought against him.  After careful review of the briefs, record, and the law, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL BACKGROUND

This appeal stems from the death of Kenneth H. Cross, II, while an inmate with the Louisville Metro Department of Corrections (LMDOC).

On August 25, 2012, at approximately 5:00 p.m., Cross was arrested pursuant to a warrant that included drug-related charges. He was subsequently evaluated and booked into the LMDOC facility. At the time of his evaluation by a booking nurse—a licensed practical nurse—Cross was exhibiting signs of drug overdose. Consequently, Cross was placed on a detoxification protocol and assigned a bottom bunk in an observation cell to minimize potential injuries were he to fall out of bed. Cross was to be checked every eight hours by medical personnel, as well as periodically by jail personnel, to make sure he was still breathing. Shortly after arriving at his bunk, Cross fell asleep and was snoring loudly. LMDOC policy at that time did not require jail personnel to attempt to wake Cross to see if he was still conscious, and none did.

At approximately 8:47 p.m., another inmate alerted jail personnel that something was wrong with Cross. By the time jail personnel arrived, Cross was not breathing; he was pale; his lips were blue; and he was unresponsive. Despite attempts to revive him, Cross passed away. It was later determined by the coroner that the cause of death was an overdose of drugs ingested prior to his booking.

At the time of Cross's arrest, LMDOC policies prohibited the admission of unconscious arrestees to the facility; rather, policy required an unconscious arrestee be taken to a hospital. Pursuant to those same policies, jail personnel were only expected to assess arrestees before admission for unconsciousness where they might appear merely to be sleeping. Consequently, none of the jail personnel responsible for Cross's care had been trained to wake intoxicated individuals to ensure that they did not fall into a state of unconsciousness after their admission. Ironically, both drug overdose and unconsciousness were considered medical emergencies in the jail.

Cross's estate brought the instant action against Bolton, the LMDOC Director, alleging negligence and gross negligence.[1] Bolton moved the trial court for summary judgment, alleging he is entitled to qualified immunity as to these negligence claims. The trial court denied Bolton's motion, and this appeal followed.

## QUALIFIED OFFICIAL IMMUNITY

Bolton filed an interlocutory appeal, arguing the negligence claims against him in his individual capacity are barred by qualified official immunity. This appeal is properly before us because an order denying a substantial claim of qualified official immunity is immediately appealable. *Harrod v. Caney*, 547

---

[1] The estate sued other entities as well, but they are not at issue here.

S.W.3d 536, 540 (Ky. App. 2018); *Breathitt Cty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009); *Mattingly v. Mitchell*, 425 S.W.3d 85, 89 (Ky. App. 2013).

On appeal, Bolton argues the trial court erred by determining he is not entitled to qualified immunity for the negligence claims against him in his individual capacity. This is the sole issue before us as "the scope of appellate review of an interlocutory appeal of the trial court's determination of the application of qualified official immunity is limited to the specific issue of whether the immunity was properly denied and nothing more." *Baker v. Fields*, 543 S.W.3d 575, 578 (Ky. 2018).

The standard for immunity is well-settled:

> "Official immunity" is immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions. It rests not on the status or title of the officer or employee, but on the function performed. *Salyer v. Patrick*, 874 F.2d 374 (6th Cir. 1989). . . . [W]hen an officer or employee of a governmental agency is sued in his/her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled . . . . But when sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for good faith judgment calls made in a legally uncertain environment. 63C AM. JUR. 2d, *Public Officers and Employees*, § 309 (1997). Qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or

-4-

functions, *i.e.*, those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment, *id*. § 322; (2) in good faith; and (3) within the scope of the employee's authority. *Id*. § 309; RESTATEMENT (SECOND) [OF THE LAW OF TORTS § 895D cmt. g. (A.L.I. 1979)]. An act is not necessarily "discretionary" just because the officer performing it has some discretion with respect to the means or method to be employed. *Franklin* [*Cty.*] *v. Malone*, [957 S.W.2d 195, 201 (Ky. 1997) (quoting *Upchurch v. Clinton Cty.*, 330 S.W.2d 428, 430 (Ky. 1959))]. Qualified official immunity is an affirmative defense that must be specifically pled. *Gomez v. Toledo*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

Conversely, an officer or employee is afforded no immunity from tort liability for the negligent performance of a ministerial act, *i.e.*, one that requires only obedience to the orders of others, or when the officer's duty is absolute, certain, and imperative, involving merely execution of a specific act arising from fixed and designated facts. *Franklin* [*Cty.*] *v. Malone*, *supra*, at 201. "That a necessity may exist for the ascertainment of those facts does not operate to convert the act into one discretionary in nature." *Upchurch v. Clinton* [*Cty.*], *supra*, at 430. *See also* RESTATEMENT (SECOND) TORTS, *supra*, § 895D cmt. h; 63C AM. JUR. 2d, *Public Officers and Employees*, §§ 324, 325 (1997).

*Yanero v. Davis*, 65 S.W.3d 510, 521-22 (Ky. 2001).

Here, we must determine what qualified immunity Bolton enjoys, if any, as an affirmative defense to the claims against him. We note that qualified immunity is not a blanket shield for all tort claims. *Yanero*, the seminal authority on governmental immunity in Kentucky, held that qualified official immunity protects *discretionary* acts negligently performed by public officials so long as

-5-

they are acting within their authority and in *good faith*. *Id*. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who *knowingly* violate the law." *Stanton v. Sims*, 571 U.S. 3, 6, 134 S. Ct. 3, 5, 187 L. Ed. 2d 341 (2013) (per curiam) (emphasis added) (citations and internal quotation marks omitted). "[W]hen sued in their individual capacities, public officers and employees enjoy only qualified official immunity, which affords protection from damages liability for *good faith* judgment calls made in a legally uncertain environment." *Yanero*, 65 S.W.3d at 522 (emphasis added) (citation omitted).

Here, the trial court found Bolton was not entitled to qualified official immunity because his actions were ministerial rather than discretionary. The trial court opined:

> Director Bolton properly asserts that supervising employees is a discretionary function protected by qualified immunity. He also properly asserts that establishing jail policy is a discretionary function. But those are not the Plaintiff's claims here. *Plaintiff alleges Director Bolton was negligent in failing to properly enforce [LMDOC] policy regarding medical emergencies. Specifically, Plaintiff claims Director Bolton failed to train employees to awaken intoxicated individuals to ensure they have not fallen into a state of unconsciousness*. The Court finds this is a ministerial function to which qualified immunity does not apply.

(Emphasis added.)

-6-

Our review requires us to first revisit the estate's claims in its complaint. Count I of the complaint asserts the defendants—including Bolton—"were negligent and grossly negligent." Count IV alleges Cross's death was substantially caused by Bolton's failure "to properly or conscientiously train and supervise the conduct of [his] employees and subordinates, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect inmates like Mr. Cross." For purposes of this appeal, we first discuss whether immunity applies to the gross negligence claims and then whether immunity applies to the other, ordinary negligence claims against Bolton.

## Immunity Unavailable for Gross Negligence

To establish negligence, a plaintiff must prove "that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003) (citation omitted). By contrast, a gross negligence claim has only two elements: (1) "a finding of failure to exercise reasonable care" and (2) "an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Gibson v. Fuel Transp., Inc.*, 410 S.W.3d 56, 59 (Ky. 2013) (citation omitted). Stated another way, "there must be an element either of malice or willfulness or such an utter and wanton disregard of the rights of others as from

-7-

which it may be assumed the act was malicious or willful." *City of Middlesboro v. Brown*, 63 S.W.3d 179, 181 (Ky. 2001) (citation omitted).

In *Martin v. O'Daniel*, 507 S.W.3d 1 (Ky. 2016), the Supreme Court explained:

> Acting with malice and acting in good faith are mutually exclusive. . . . But, it is also a fact that defeats the defendant's assertion of qualified official immunity. Official immunity is unavailable to public officers who acted "with the malicious intention to cause a deprivation of constitutional rights or other injury . . . ." *Yanero*, 65 S.W.3d at 523 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).
>
> It thus becomes apparent that the very same evidence that establishes the eponymous element of a malicious prosecution action simultaneously negates the defense of official immunity. In simpler terms, *if a plaintiff can prove that a police officer acted with malice, the officer has no immunity; if the plaintiff cannot prove malice, the officer needs no immunity*.

*Id.* at 5 (emphasis added). The same logic applies to gross negligence actions. Consequently, and pursuant to *Martin*, Bolton is not entitled to summary judgment on grounds of qualified official immunity pertaining to any claim of gross negligence. If Bolton acted with malice, he is not entitled to immunity; if he had no malice, he needs no immunity, since proof of malice is a necessary element to prevail on a claim of gross negligence. *Id.* Accordingly, the trial court correctly denied summary judgment to Bolton on the gross negligence claim as it was not barred by qualified official immunity, and we must affirm this part of its decision.

-8-

## Ordinary Negligence:
## Immunity for Discretionary but Not Ministerial Acts

This now leaves us to determine whether the trial court properly denied summary judgment as to the ordinary negligence claims against Bolton on grounds of lack of qualified official immunity. Under *Yanero*, whether qualified official immunity is available to Bolton will depend on the characterization of each of his actions, whether they are discretionary or ministerial in nature.

It is well-established that "[p]romulgation of rules is a discretionary function; enforcement of those rules is a ministerial function." *Williams v. Kentucky Dep't of Educ.*, 113 S.W.3d 145, 150 (Ky. 2003). Thus, to the extent the estate attempts to pursue any claims against Bolton concerning promulgation of rules, such claims are barred; however, to the extent the estate pursues its claims against Bolton for enforcement of said rules, such claims are not typically barred on qualified official immunity grounds.

We further note, "the determination of whether a particular act is discretionary or ministerial focuses on the '*dominant* nature of the act' and is inherently fact-sensitive. [*Haney v. Monsky*, 311 S.W.3d 235, 240 (Ky. 2010).]" *Hedgepath v. Pelphrey*, 520 Fed. App'x 385, 389 (6th Cir. 2013) (emphasis in original). Although factual issues cannot be resolved at this stage of the litigation, we must still bear these principles in mind during our immunity analysis. As previously stated, we lack jurisdiction to consider factual issues on appeal; rather,

we only review legal questions as to whether Bolton is entitled to qualified official immunity.

## Negligent Training and Supervision

Herein, the complaint explicitly alleges that Bolton failed "to properly or conscientiously train and supervise the conduct of [his] employees and subordinates, and/or to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect inmates like Mr. Cross." The first part of this allegation contends that Bolton negligently *trained* and *supervised* his employees. "These legal questions are well-settled. As to training, although deciding on the content of policies and training is a discretionary function, the training of employees to adhere to their duties once that content is decided is a ministerial function. *See Yanero*, 65 S.W.3d at 529." *Hedgepath*, 520 Fed. App'x at 391.

In *Hedgepath*, the Court discussed claims concerning negligent training and supervision, explaining:

> Hedgepath's claim is that the contents of the policy were decided and that the Supervisory Jailers simply failed to *train* the jailers on how to comply with those policies. Because this claim implicates a *ministerial* duty, the District Court's denial of qualified immunity will be affirmed. With respect to the negligent *supervision* claim, the supervision of employees is a *ministerial* act when it merely involves enforcing known policies. *See Yanero*, 65 S.W.3d at 522. Hedgepath claims that the Supervisory Jailers did not enforce known policies.

-10-

> Consequently, the Supervisory Jailers are not entitled to qualified immunity because their duty to supervise the Deputy Jailers was ministerial.

*Id.* at 391-92 (emphasis added). Again, we note our lack of jurisdiction to consider any factual issues raised by Bolton. According to the estate's claims, LMDOC's policies specifically listed drug overdose and unconsciousness as medical emergencies, but inadequate training and supervision allowed Cross to experience these conditions without proper medical treatment, which led to his otherwise preventable death. Looking only at the legal issue of immunity, we agree with the trial court that—as observed in *Hedgepath*—qualified official immunity does not apply to the training or supervision claims brought herein.

We disagree with Bolton that the case herein is less like *Hedgepath* and *Finn v. Warren County, Kentucky*, 768 F.3d 441 (6th Cir. 2014)—cases concerning immunity of jailers—and more similar to *Wales v. Pullen*, 390 S.W.3d 160 (Ky. App. 2012)—which concerned immunity of a director of public works but not a county engineer. In *Finn*, the Court held that although a supervisor's decision "on the content of policies and training is a discretionary function, the training of employees to adhere to their duties once that content is decided is a ministerial function." 768 F.3d at 449 (citation omitted). This is essentially identical to allegations in the complaint herein. In *Wales*, the Court found the director of public works was entitled to qualified official immunity, but the county

engineer who had a statutory duty to remove trees was not entitled to qualified official immunity. 390 S.W.3d at 167. Here, the buck does not necessarily stop with a lower level in the chain-of-command, as Bolton argues. There can be no doubt that the case herein bears more resemblance to *Hedgepath* and *Finn* than *Wales* in its fact pattern and (un)availability of qualified official immunity. Following the guidance of these cases, we affirm the trial court's denial of summary judgment based on lack of qualified official immunity for Bolton against the estate's claims of negligent training and supervision.

### Negligent Promulgation of Policies and Procedures

We next turn to the portion of the complaint concerning Bolton's promulgation of policies and procedures—more specifically, the allegation that Bolton failed "to promulgate appropriate operating policies and procedures either formally or by custom and practice to protect inmates like Mr. Cross." As previously noted, Bolton is clearly entitled to immunity for that claim. *See Williams*, 113 S.W.3d at 150. Consequently, the trial court erred in not granting Bolton's motion for summary judgment against that claim, and we must reverse in part only.

### Negligent Enforcement of Policies

The trial court noted that the estate alleged Bolton was negligent in failing to properly *enforce* LMDOC policy regarding medical emergencies and in

failing to train employees to wake intoxicated individuals to ensure they did not fall into a state of unconsciousness. The trial court viewed these actions as ministerial functions to which qualified immunity does not apply. This is consistent with *Williams* in that "enforcement of those rules is a ministerial function." *Id*. Therefore, we cannot say the trial court erred in denying Bolton's motion for summary judgment requesting the trial court find him entitled to qualified official immunity for that claim. Accordingly, we also affirm that part of the trial court's order.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Jefferson Circuit Court is AFFIRMED in part and REVERSED in part.


ALL CONCUR.


BRIEFS FOR APPELLANT:

J. Denis Ogburn
Louisville, Kentucky

BRIEF FOR APPELLEE:

Gregory A. Belzley
Prospect, Kentucky

Paul Brizendine
Jeffersonville, Indiana